IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BILLY RAIPHELLE HUFF | § | |
| v. | § | CIVIL ACTION NO. 6:07cv116 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Billy Huff, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Huff complains that he received a 20-year sentence on July 19, 1990, and was released on parole on August 28, 2002. However, his parole was revoked on November 15, 2005, on a technical violation, and he was returned to prison. In March of 2006, he says that he learned that he had only received 13 ½ years of credit on a sentence which had been running for 16 ½ years, but the time credit resolution forms which he filed were to no avail. He also contacted State Counsel for Offenders, who sent him a general information sheet saying that he would have to pay back all time spent out of custody.

Huff argues that he should be credited with all time spent "in custody," including parole or mandatory supervision, and that his sentence should be continuous. He says that his sentence was "illegally recomputed and that the law cited to him by the State Counsel for Offenders is "null and void" because it amounts to interference by the Executive Branch with the judiciary. He says that he did not receive adequate notice before his sentence was increased, nor did he receive

1

a new conviction. Huff also says that his right to be free from involuntary servitude was violated and that his claim concerns his sentence, not his parole; he complains that his sentence was increased from 20 to 23 years even though he was never taken before a judicial officer.

After review of the pleadings, the Magistrate Judge issued a Report on April 20, 2007, recommending that the petition be dismissed. The Magistrate Judge stated that under Texas law, time spent on parole or mandatory supervision which is later revoked does not count toward the satisfaction of the sentence, and that this has been upheld by the Fifth Circuit. The Magistrate Judge stated that no time had been added to Huff's sentence; rather, the sentence was computed under Texas law so as not to count the time spent on the revoked parole. The Magistrate Judge also rejected Huff's claims concerning the legality of the statute, the alleged running of the sentence in "installments," interference by the executive branch with the judiciary, double jeopardy, lack of notice, involuntary servitude, equal protection, and violations of the *ex post facto* doctrine. Finally, the Magistrate Judge recommended that Huff be denied a certificate of appealability *sua sponte*.

Huff received a copy of the Magistrate Judge's Report on April 26, 2007, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Magistrate Judge's Report is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Billy Huff is DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 31st day of May, 2007.**

        **LEONARD DAVIS**
        **UNITED STATES DISTRICT JUDGE**